DOCKET

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 1348
DATE FILED: 10/10/13

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 8, 2013

RECEIVED
OCT - 8 2013
JUDGE KAPLAN'S CHAMBERS

**By Hand**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **United States v. Abu Anas Al Liby, a/k/a "Nazih al Raghie," "Anas al Sebai"**
**98 Cr. 1023 (LAK)**

Dear Judge Kaplan:

The Government writes in response to today's letter of David E. Patton, Esq., in which the Federal Defenders of New York ("Federal Defenders") apply to be appointed as counsel to Abu Anas Al Liby, a/k/a "Nazih al Raghie," "Abu Anas al Sebai" ("al Liby") pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A ("the Act").

Whatever its ultimate merits,[1] the Federal Defenders' application is plainly premature. As Your Honor has previously held—on two occasions in this case—the Act does not countenance appointment of counsel prior to a defendant's appearance in a United States federal court. *See United States* v. *Adel Abdel Bary*, 98 Cr. 1023 (LAK) (not currently docketed); *United States* v. *Khalid Al Fawwaz*, 98 Cr. 1023 (LAK) (docket entry 1102); *see also, e.g., United States* v. *Haroon Aswat*, 04 Cr. 356 (KBF) (docket entry 129) (same).

Subsection (c) of the Act, which is entitled "Duration . . . of appointments," establishes that appointments begin at the "initial appearance before the United States magistrate judge or the [district] court." 18 U.S.C. § 3006A(c). Further, Section 3006A(b) of the Act provides that the appointment shall be made only after a person "appears"—and only after the Court advises the defendant that he "has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel." *Cf. Doherty* v. *United*

---

[1] The Federal Defenders previously represented one of Al Liby's co-defendants. *See United States* v. *al-Owhali*, 98 Cr. 1023 (unnumbered docket entries dated between 10/8/1998 and 06/27/2000).

Hon. Lewis A. Kaplan
October 8, 2013
Page 2 of 2

*States*, 404 U.S. 28, 33 (1971) (noting that the CJA provides for representation "from arraignment").[2]

    The United States District Court, Southern District of New York, Revised Plan for Furnishing Representation Pursuant to the CJA ("CJA Plan") is to similar effect. The CJA Plan provides for appointment of counsel upon the defendant's first appearance in Court. *See* CJA Plan, Section VII(B) (requiring the presiding magistrate judge or district judge to appoint counsel "[u]pon the appearance" of the defendant).[3]

    As in any case, when and if the defendant appears in Federal court, he may, supported by an appropriate financial affidavit, apply for appointment of counsel. Before then, as with any other defendant, counsel should not be appointed.[4]

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Nicholas J. Lewin / Sean S. Buckley
Assistant United States Attorneys
(212) 637-2337 / 2261

cc by email:   David E. Patton, Esq.

---

[2] In addition, the Act only applies to a "financially eligible person," 18 U.S.C. § 3006A(a), and requires the Court to make an "appropriate inquiry that the person is financially unable to obtain counsel." *Id.* at § 3006A(b).

[3] *But see id.* at Section VII(A) (providing that counsel should be provided pursuant to the CJA Plan "as soon as feasible after [eligible defendants] are taken into custody, when they appear before a committing magistrate judge or district judge, when they are formally charged, or when they otherwise become entitled to counsel under the Criminal Justice Act, whichever occurs earliest").

[4] The Federal Defenders also allude to Rule 5 of the Federal Rules of Criminal Procedure. However that Rule has no current bearing on this case. *See United States* v. *Ghailani*, 751 F.Supp.2d 515, 526 n.66 (S.D.N.Y. 2010) (Kaplan, *J.*) (holding that Rule 5 is "triggered only by federal criminal arrest").