DOCKET

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 8, 2013

**VIA EMAIL**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 1349
DATE FILED: 10/10/2013
```

Re:  **United States v. Anas Al Liby**, 98 Cr. 1023 (LAK)

Dear Judge Kaplan:

I write in reply to the Government's letter of today objecting to the appointment of counsel for Anas Al Liby.

The Government objects on the basis that the appointment would be "premature" because Mr. Al Liby has not yet made an "appearance in a United States federal court." To support its position, the Government cites to this Court's previous denial of the appointment of counsel in *United States v. Adel Abdel Bary* and *United States v. Khalid Al Fawwaz* and to various provisions of the CJA Plan. Contrary to the Government's claims, *Abdel Bary* and *Al Fawwaz* are entirely inapposite, and the CJA Plan in fact allows for the appointment of counsel in this circumstance (as the Government all but acknowledges in footnote 3 of its letter).

This Court's prior decisions in *Abdel Bary* and *Al Fawwaz* involved private attorneys who asked to be appointed to defendants in the midst of extradition proceedings from the United Kingdom. The defendants were not in United States custody and were engaged in an openly legal process of determining whether they would be brought to the United States -- a determination that ultimately led to their appearance in federal court and the appointment of counsel in the normal course. In short, the defendants had legal counsel advancing their interests in an orderly process that followed the Constitution and the Federal Rules of Criminal Procedure.

Here, unlike Abdel Bary and Al Fawwaz, Mr. Al Liby is in United States custody. His Sixth Amendment right to counsel attached no later than when he was indicted in this case. Rule 5 requires that he be brought before a judge "without unnecessary delay." The CJA Plan for the Southern District of New York states that "Counsel should be provided to eligible persons pursuant to this Plan as soon as feasible after they are taken into custody..." CJA Plan, Section VII(A). It is now feasible, as it has been for several days, for counsel to be appointed, and the Constitution and laws of the United States require it.

As for the Government's contention that counsel may not be appointed until a determination of his financial eligibility is made, that too is incorrect. The Plan states that "the determination of whether a person is financially eligible for the appointment of counsel pursuant to this Plan shall be

Honorable Lewis A. Kaplan
United States District Court

October 8, 2013
Page 2

made by a judicial officer *as soon as feasible* after the necessity for counsel arises." CJA Plan, Section VI(C). Defendants are routinely assigned counsel prior to a final determination of financial eligibility, and the CJA Plan contemplates an ongoing process for determining eligibility in Section VI(D). The Court should, of course, determine Mr. Al Liby's eligibility for counsel as soon as it is able.

Finally, the Government's assertion that Federal Defenders may have a conflict because of its appointment 14 years ago in *United States v. al-Owhali*, (in which Federal Defenders was relieved and the case was tried by CJA counsel), should not preclude appointment at this time. Such a conflict, if it exists, does not prohibit Federal Defenders from being appointed for the purpose of advancing Mr. Al Liby's rights with respect to the timeliness of his appearance in federal court and any other rights that may arise from his current detention. And in any event, if the Court finds that a conflict exists, and the conflict poses a problem with the appointment of Federal Defenders, the Court may appoint CJA counsel.

There are undoubtedly many complex legal issues surrounding the nature of Mr. Al Liby's custody and detention. But none of them can be addressed without the appointment of counsel. If the Government wishes to deprive Mr. Al Liby of counsel, it must advance a sound legal basis for doing so. It has not. The United States Constitution, the Federal Rules of Criminal Procedure, and the CJA Plan require that he be appointed counsel in a timely manner.

Respectfully submitted,

David E. Patton
Executive Director, Attorney-in-Chief
Federal Defenders of New York

cc:     A.U.S.A. Nicholas J. Lewin
        A.U.S.A. Sean S. Buckley