



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 9, 2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 1350
DATE FILED: 10/10/2013

**By Hand**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Abu Anas Al Liby, a/k/a "Nazih al Raghie," "Anas al Sebai"</u>
    <u>98 Cr. 1023 (LAK)</u>

Dear Judge Kaplan:

The Government writes in response to David E. Patton's second letter ("Second Letter") of yesterday.

Courts have routinely held that a charged defendant is not entitled to appointment of counsel under the Criminal Justice Act of 1964 ("CJA Act"), 18 U.S.C. § 3006A, unless and until the defendant has made his initial appearance. As Your Honor has held in *Fawwaz* and in *Bary*, this is true even when the defendant in question is held abroad, at the request of the United States. *See United States* v. *Adel Abdel Bary*, 98 Cr. 1023 (LAK) (not currently docketed); *United States* v. *Khalid al Fawwaz*, 98 Cr. 1023 (LAK) (docket entry 1102); *see also, e.g.*, *United States* v. *Haroon Aswat*, 04 Cr. 356 (KBF) (docket entry 129) (same).

The Second Letter seeks to distinguish this Court's rulings in *Fawwaz* and *Bary* by asserting that while those cases involved an orderly and legal process -- this one does not. But the question of whether the CJA Act contemplates appointment of counsel does not turn on whether an attorney believes, based on newspaper accounts, that the law is somewhere being violated.

Moreover, the Federal Defenders' proffered examples of legal violations simply do not hold up. For example, the Federal Defenders suggest that Rule 5 of the Federal Rules of Criminal Procedure is now being violated because, having been arrested, Anas al-Liby has not been brought before a Judge. But Anas al-Liby has not been criminally arrested. Rather, he has been detained by the United States Armed Forces, acting under their own legal authorities -- and, as Your Honor has held, non-criminal detention of that sort simply does not trigger Rule 5. *See United States* v. *Ghailani*, 751 F.Supp. 2d 515, 526 n.66 (S.D.N.Y. 2010).

Hon. Lewis A. Kaplan
October 9, 2013
Page 2 of 2

    Similarly, the Federal Defenders seem to suggest that "custody," as that term is used in the Southern District of New York's Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act ("SDNY CJA Plan"), includes Defense Department custody. But that strained reading of the first sentence of Section VII.A of the SDNY CJA Plan is undercut by, among other things, the very next sentence of the SDNY CJA Plan -- which alludes to the duties of federal law enforcement agents and prosecutors. "Custody" under the SDNY CJA Plan, like "arrest" under Rule 5, is focused on the federal criminal process -- not on the actions of the United States military.

    The Government is not here proposing to deprive Anas al-Liby of his right to counsel. Far from it -- the Government is proposing that Anas al-Liby be treated like any other charged defendant, that he be appointed counsel when and if he comes to the United States and appears here before a Judge.

                                                    Respectfully submitted,

                                                  PREET BHARARA
                                                  United States Attorney

                            By: _____
                                  Nicholas J. Lewin / Sean S. Buckley
                                  Assistant United States Attorneys
                                  (212) 637-2337 / 2261

cc by email:    David E. Patton, Esq.