UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-

ANAS AL LIBY, a/k/a Nasih al Raghie, a/k/a Anas al Sebai,

        Defendant.
------------------------------------------------------------x
Application of

DAVID E. PATTON, Executive Director, Attorney-in-Chief, Federal Defenders of New York
------------------------------------------------------------x

S10 98 Crim. 1023 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/13

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on an application by David E. Patton[1] to appoint an attorney for the defendant.

I

        The defendant is charged in the superseding indictment with, among other offenses, conspiracy to kill United States nationals and conspiracy to kill officers and employees of the United States at the U.S. embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania, which were bombed in 1998 with great loss of life and other casualties. He long was a fugitive.

---

[1] Mr. Patton is Executive Director and Attorney-in-Chief of Federal Defenders of New York, which provides legal representation in the federal courts in New York City to some indigent defendants.

2

According to press reports and a statement issued by the Secretary of Defense, the defendant was apprehended last weekend in Libya in operations by U.S. military personnel. At least one press source has reported that the defendant is being held on a naval vessel in the Mediterranean.

Mr. Patton relies on Fed. R. Crim. P. 5(a)(1)(B), which provides that:

> "A person making an arrest outside the United States must take the defendant without unnecessary delay before a magistrate judge, unless a statute provides otherwise."

The United States Attorney's office opposes the application. It contends that the motion is premature because the Criminal Justice Act,[2] which governs the appointment of counsel for indigent defendants in federal courts, "does not countenance appointment of counsel prior to a defendant's appearance in a United States federal court."[3] Counsel should not be appointed, it argues, unless and until the defendant appears in federal court and supplies appropriate proof of indigency, which usually is done by financial affidavit. The government further argues that, contrary to Mr. Patton's position, the defendant "has not been criminally arrested. Rather, he has been detained by the United States Armed Forces, acting under their own legal authorities" which does not, in the government's submission, "trigger Rule 5."[4]

---

[2] 18 U.S.C. § 3006A.

[3] DI 1348.

It contends also that this Court's Revised Plan for Furnishing Representation Pursuant to the CJA is to similar effect.

[4] DI 1350.

3

II

Mr. Patton and the government have raised or alluded to, explicitly or otherwise, a number of issues, both factual and legal, including among others whether Mr. Patton has standing to make the present application,[5] whether the defendant has been arrested within the meaning of Rule 5, whether the delay in bringing him before the Court has been or may become "unnecessary," and the remedy for any such unnecessary delay. But it is unnecessary for present purposes to decide whether Mr. Patton has standing, and the other questions are premature.

As the government argues, Rule 5 is "triggered only by federal criminal arrest."[6] The government denies that any federal criminal arrest has taken place, and there is no evidence to the contrary. Thus, there is no proper basis on which the Court could conclude that the obligation to produce the defendant before it in this criminal case has come into existence. The decision whether to proceed with a criminal prosecution of this indictment in the first instance, at least, is an Executive Branch function. It remains to be seen whether such a prosecution will go forward.

Even if it were clear that a federal criminal arrest has occurred, two judges of this Court previously have held that the appropriate time for the appointment of counsel is upon the arrival of the defendant in this district and the submission of a sufficient financial affidavit or other satisfactory proof of indigency.[7] I see no reason to depart from that view. Moreover, once the

---

[5] *See Padilla v. Rumsfeld*, 352 F.3d 695, 702-04 (2d Cir. 2003), *rev'd on jurisdictional grounds*, 542 U.S. 426 (2004).

[6] *United States v. Ghailani*, 751 F. Supp.2d 515, 526 n.66 (S.D.N.Y. 2010).

[7] *United States v. al Fawwaz*, No. S9 98 Crim. 1023 (LAK), DI 1102 (S.D.N.Y. filed May 6, 2011); *United States v. Mustafa*, No. 04 Crim. 356 (KBF), DI 129 (S.D.N.Y. filed Sept. 13, 2013).

4

defendant is presented, he is free to seek any appropriate remedy for any alleged violation of Rule 5.

Finally, the Court is mindful of the fact that Mr. Patton's concerns may include the legality of the defendant's current detention, assuming that he is not detained pursuant to an arrest on this indictment. But such questions are not properly cognizable under Fed. R. Crim. P. 5. The Court therefore expresses no view with respect to the existence or nature of other means of raising such concerns.

III

Mr. Patton's application is denied without prejudice to renewal upon the presentation of the defendant before this Court and his furnishing of appropriate proof of indigency.

SO ORDERED.

Dated:     October 11, 2013

_____
Lewis A. Kaplan
United States District Judge