# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW
2 WESTCHESTER PARK DRIVE, SUITE 418
WHITE PLAINS, NY 10604
TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 694-1647

July 17, 2014

Hon. Lewis Kaplan
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: United States v. Anas al Liby, S10 98-cr-1023

Your Honor,

 Pursuant to L.Crim.R. 49.1(b), Defendant al Liby, by and through his counsel of record does file this Response to the Government's letter motion requesting a *Curcio* Hearing, dated July 3, 2014.

 Defendant opposes this Motion on the basis of timeliness, that it is un-necessary, and that it demonstrates inexcusable neglect on the part of the Government, for which they ought not be rewarded. Furthermore, the Defendant asserts his Sixth Amendment right of confrontation, and his Fifth Amendment right to due process of law to be physically present, in the courtroom, at the time of such a Hearing, and asserts his constitutional right to have his attorney of record, with him, to advise him during this proceeding.[†]

 The Court ought also be aware of the apparent inconsistent (nay disingenuous) positions of the Government. On the one hand the Government opposes Counsel's severance motion and is anxious to have my client tried, notwithstanding his terminally ill medical condition. Then, on the other hand they seek to have counsel conflicted out of the case. Such a result would cause a huge delay in that new counsel would have to be found and brought up to speed — a delay of many, many months — well beyond the current trial start date of November 3rd. While the U.S. Attorney might argue that its *Curcio* Motion is only being brought to protect the record and does not represent an attempt to remove Attorney Kleinman from the case, the fact of the matter is that it is the Government that has brought the Motion (and it is solely within their purview to do so),

---

[†] See also F.R.Crim.P. Rule 44(a), which speaks of the right of the defendant to have counsel "at every stage of the proceeding from initial appearance through appeal, . . . ."

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page two

and, at any time, could well have informed the Court that it had opted to waive such a hearing.[‡] It has chosen not to do so.

The issue of a *Curcio* Hearing was first raised by the Government just shy of NINE MONTHS ago. When counsel herein first appeared on behalf of Mr. al Raghie, the following transpired, on the record:

> MR. LEWIN: Judge, the government believes that there are potentially conflicts that may warrant further inquiry by the Court. First, we've been told that there may be a third party fee arrangement in this case. We obviously can't confirm it nor do we seek more information. But while those arrangements are, of course, in most cases or in many cases perfectly proper, they can occasion issues that should be reviewed by the Court.
> Secondly, your Honor, Mr. Kleinman continues to represent at least one individual, Ramzi Yousef, who was potentially present in the same small geographic region during the same time period, which is at least 1992, as the defendant. So the government certainly has more work to do in this regard, your Honor, with examining what's in our files. Mr. Kleinman may as well.
> Mr. Kleinman also represents at least one Guantanamo detainee. We don't have further information. Once again, Mr. Kleinman would have that information. We don't seek to know it, but do seek to be assured and that the Court be assured that none of those issues actually present a conflict.
> THE COURT: Well, may I assume that the government will as promptly as it can, if it thinks it necessary and appropriate, send me the usual letter regarding a Curcio hearing?
> MR. LEWIN: We will, your Honor.
> Oct. 22, 2013 Hg at pp. 4-5, ll 4-25, 1-3.

While the Government, for good cause has dropped its second argument that my representation of Mr. Yousef and one of the 9/11 Defendants currently held at GTMO may serve as the basis for some sort of conflict,[§] nevertheless they now, apparently, have opted to focus solely upon the issue of an alleged "third party fee arrangement".

---

[‡] See below, where the Court, itself, in discussing the Government's proposed *Curcio* filing, stated that it should do so, only "if it thinks it necessary and appropriate". See Oct. 22, 2013 Hg at pp. 4-5, ll. 25, 1.

[§] Addressing this specific issue, the following was placed on the record

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page three

As quoted above, Your Honor specifically informed the Government to proceed along these lines "as promptly as it can". See p. 4, l. 25. And, Assistant U.S. Attorney Lewin told the Court: "We will". Apparently, promptness on the part of the prosecution, means acting within nine months of a request from the Court.

Nevertheless, without any explanation for the delay, and now, less than four months before jury selection, the U.S. Attorney seeks to raise this issue. The Government, according to its letter motion has no more information now, than it did in October 2013. Thus, it is not as if some long term investigation can provide an excuse for the delay.

Indeed, this issue has been discussed, informally, between myself and the prosecutors on more than one occasion. And, in the last such discussion, I specifically inquired of the Government whether I have taken any actions (or not taken any actions) that would be inconsistent with providing a full and complete representation of my client as he is entitled to under the Constitution. And, furthermore, whether I have done anything that demonstrates any sort of third party influence (of any sort whatsoever) that can be deemed inimical to my client's interest. In each of these queries, I was informed that the Government has seen no such action (or inaction) on my part.

This delay issue also relates to my client's current placement at FMC Butner. Until March 28th, 2014 — a period of FIVE MONTHS after the *Curcio* issue was first raised — my client was at the MCC, and plainly available to appear in Court for this Hearing. Nevertheless, the Government never acted. While the Government certainly must have hoped that my client's medical issues were minor, or perhaps even feigned, so that he would not be transferred to a medical facility (and certainly the prosecution did little, if anything, to assist in this matter), yet the medical facts belie this position. It was well

---

> MR. KLEINMAN: Just for the record, your Honor, I have been gone through all of my records. I've been representing Mr. Yousef for 15 or 18 years, and I do not believe there is any conflict whatsoever.
> The fact that Mr. Yousef may have been in the same geographic location as Mr. Al-Liby is certainly not the basis for any conflict of interest here, Judge. And Mr. Yousef was arrested at least three or four years prior to the acts involved here.
> And as far as the Guantanamo Bay defendant that I'm representing, I've also gone through those records. My records show no conflict whatsoever. But if the government has any information or wants to make any arguments to the contrary, I'm certainly willing to address those, Judge.
> THE COURT: All right. Thank you.

Oct. 22, 2013 Hg at p. 5, ll 4-19.

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page four

known, minimally as early as February 11, 2014,** that my client necessitated medical treatment at some location other than the MCC. Yet, even then no such request for a *Curcio* Hearing was made.

Furthermore, as mentioned above, the Defendant asserts both his Sixth Amendment right of confrontation, and his Fifth Amendment right to due process of law to be physically present, in the courtroom, at the time of such a Hearing. See generally *United States v. Peterson*, 385 F.3d 127, 137 (2d Cir. 2004), citing to *United States v. Gagnon*, 470 U.S. 522, 526 (1985). This right to be present, is "triggered only when the defendant's 'presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charges.'" *Cohen v. Senkowski*, 290 F.3d 485, 489 (2d Cir. 2002), *cert. denied* 537 U.S. 1117 (2003), quoting from *Snyder v. Commonwealth of Massachusetts*, 291 U.S. 97, 105-06 (1934). See also *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).

There can be little doubt that "the fullness of his opportunity to defend against the charges" includes, as an integral, if not foundational part, a decision as to whether his counsel of choice will be stricken on the grounds of some alleged conflict. See generally *United States v. Ward*, 598 F.3d 1054, 1057-58 (8th Cir. 2010) (Court of Appeals finds accused's Fifth and Sixth Amendment rights violated where trial court had defendant removed from courtroom preventing him from conferring with his counsel).

The nature of a *Curcio* Hearing is to determine if the subject attorney has some sort of conflict that would prevent him or her from providing the type of representation, independent of any and all outside influences, that the accused is entitled to under the Constitution. See *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994). In other words, it goes to the very effectiveness of counsel as is required under the Sixth Amendment. That being so, the courts have been clear that the accused has an absolute right to be present, in court, where an issue is to be determined that might "hinder the effectiveness of his counsel's assistance". *United States v. Bell*, 464 F.2d 667, 672 (2d Cir.), *cert. denied* 409 U.S. 991 (1972).

In accord see *United States v. Gerena*, 683 F. Supp. 330, 331 (D. Conn. 1988); *United States v. Lockwood*, 382 F. Supp. 1111, 1115-16 (E.D.N.Y. 1974).

Once it is established that the defendant has a constitutional right to be present, this right cannot be effected by the use of a video appearance. The question is one which

---

** And, his medical records from the time of his transfer to the United States after his interrogation on board the U.S.S. *San Antonio* make this even more apparent.

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page five

hinges upon the precise definition of the term "present", under Rule 43(a),[††] or the judicial interpretations under either the Confrontation Clause or the Due Process Clause, of the Sixth and Fifth Amendments, respectively. In *United States v. Torres-Palma*, 290 F.3d 1244 (10th Cir. 2002), the Tenth Circuit made it clear that barring the exceptions found in Rule 43 (relating to Rule 5 — Initial Appearance; and Rule 10 — Arraignment), the requirement of courtroom presence, for a denominated proceeding (sentencing in that case) cannot be satisfactorily achieved through the use of video-conferencing. *Id.* at 1248.[‡‡]

And, this decision has been ratified by a number of other courts. *See, e.g., United States v. Williams*, 641 F.3d 758, 764 (6th Cir.), *cert. denied* — U.S. — (2011); *United States v. Jones*, 410 F. Supp.2d 1026, 1028 (D.N.M. 2005); *United States v. Wright*, 342 F. Supp.2d 1068, 1069 (M.D. Ala. 2003).

In the recent decision of *United States v. Salim*, 690 F.3d 115 (2d Cir. 2012), *cert. denied* — U.S. — (2013), this Circuit recognized the prevailing view among the Circuits on this issue. What the Circuit found dispositive was the fact that the accused had, on the record, waived his appearance at the sentencing proceeding, and, hence, his physical

---

[††] "The right to be present during one's trial arises from the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment, and is codified at Rule 43 of the Federal Rules of Criminal Procedure." *United States v. Brantley*, 68 F.3d 1283, 1290-91 (11th Cir. 1995).
In accord see *United States v. Mejia*, 356 F.3d 470, 474 (2d Cir. 2004).

[‡‡] The Court of Appeals cited to several other cases, from the Fourth and Fifth Circuits, which had similarly so held, *viz., United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001); *United States v. Navarro*, 169 F.3d 228, 235-38 (5th Cir.), *cert. denied* 528 U.S. 845 (1999). In *Lawrence*, the Court made its determination by using the logical and reasonable application of what the word "present" means,
> The Oxford English Dictionary defines "presence" as "[t]he fact or condition of being present; the state of being before, in front of, or in the same place with a person or thing; being there." Oxford English Dictionary (2d ed. 1989). And that dictionary further defines "present" as "[b]eing before, beside, with, or in the same place as the person to whom the word has relation; being in the place considered or mentioned; that is here (or there)." *Id.* Black's Law Dictionary has a similar definition of "present"-"[i]n attendance; not elsewhere." Black's Law Dictionary 1202 (7th ed. 1999).

248 F.3d at 303.
It ought to be noted, however, that the Court of Appeals, in *Lawrence*, did not reach the issue raised by the defendant that his constitutional right to due process was denied by the use of video-conferencing. *Id.* at 303, n. 1.

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page six

presence was not required — the Court rejecting a *per se* violation of the Rule standard. *Id.* at 121, 122. This is clearly distinguishable from the case at bar, where the accused has not waived his physical appearance at this proceeding, and insists on his right to be physically present during this proceeding.

The issue of the use of videoconferencing is even more pronounced when the Defendant, himself, may have to testify. If the Court were to determine that further inquiry is necessary, after questioning counsel, then Mr. al Liby would need to answer a series of questions relating to the issue of conflict and his waiver thereof. Under such circumstances the accused's right to be physically present is even more pronounced.[§§] Thus, for example, in *United States v. Gradsky*, 434 F.2d 880 (5th Cir. 1970), *cert. denied* 409 U.S. 894 (1972), the Court of Appeals held that the accused's physical presence in court is not required where there is a hearing to determine the admissibility of wiretap evidence, for the simple reason that the "appellants' actual presence could not have aided their defense." *Id.* at 883. In accord see generally *United States v. Algere*, 457 F. Supp.2d 695 (E.D. La. 2005) (although issue here was physical presence of the judge in the courtroom, as opposed to the defendant, the Court held that the nature of a *Sell* Hearing to determine if the defendant ought to be forcefully treated with anti-psychotic drugs, was one that did not implicate not only Rule 43, but also the Fifth and Sixth Amendments; *id* at 699-702; the rationale being (as compared to the case at bar) that the defendant lost no benefit of his right to counsel by not being in the physical presence of the court); *United States v. Makris*, 398 F. Supp. 507 (S.D. Tex. 1975) (physical presence of defendant in courtroom for mental competency determination not required).

While counsel has found little direct case law on point here, a decision by Chief Judge Dearie, in the Eastern District of New York does provide guidance. In *United States v. Kandasamy*, 2008 WL 4224276 (E.D.N.Y. 2008), the defendant was being held in a BoP

---

[§§] This may well be even more the case here as Mr. al Liby requires the use of a Court Interpreter. Whether the interpreter would be in New York or Butner, NC is open to question. The issue is complicated by the fact that "[o]ne of the purposes of the C[ourt] I[nterpreters] A[ct] is 'to ensure that the defendant can comprehend the proceedings and communicate effectively with counsel' through the appointment of a certified interpreter." *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001) (citation omitted.). See also *Mendoza v. United States*, — F.3d —, 2014 WL 2747418 (7th Cir. 2014) (Citing to *Johnson, supra*, "A criminal defendant is denied due process when he is unable to understand the proceedings due to a language difficulty. . . . And a criminal defendant has a due process right to communicate with counsel." *Id.* at *4.). And, furthermore, it raises additional logistical issues not easy of resolution. Needless to say, any interpreter must be certified under the statute. See 28 U.S.C. § 1827(b)(1).

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page seven

medical unit. His own counsel suggested the appropriateness of a *Curcio* Hearing. In ruling on this issue Judge Dearie stated the following,

> It is the Court's understanding that defendant is currently confined to a medical unit due to illness, and may continue his confinement for a period of several more weeks. <u>If defendant is unable to attend the next conference, the *Curcio* inquiry will be initiated at the first conference at which defendant is present</u>.

*Id.* at *2. Emphasis added.

There would appear to be no reason that this Court ought not follow Judge Dearie's precedent.

This being said, in order for the accused not to be present, it being established that he has a right to be so present, it is a fundamental principal that for a defendant to waive his presence at any proceeding in which he has a constitutional right to be present, this waiver must be knowing, intentional and intelligently made. As the Supreme Court made clear, beyond cavil,

> The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, . . ., and for a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.'

*Brookhart v. Janis*, 384 U.S. 1, 4 (1966). Citations omitted.

In accord see *Cotto v. Herbert*, 331 F.3d 217, 234 (2d Cir. 2003).

In the case at bar, Mr. al Liby has not waived his right to be present at this proceeding. He asserts this right, under both the Fifth and Sixth Amendments, to be physically present at this critical stage of the proceedings.

In the event that the Court should deny Defendant's request, and proceed with the *Curcio* Hearing, the defendant objects to some of the language that the Government has proffered. See "Government's Proposed *Curcio* Hearing Examination of Anas al Liby", attached to Government Letter Motion. First of all, as is referenced above, Mr. al Liby is not a native English speaker. While he has some rudimentary understanding of and articulation in English, it certainly does not rise to a level that means an interpreter is not needed. See discussion at N. §§, *supra*. Even more to the point, is that some of the questions appear to be designed to confuse the Defendant.

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page eight

First of all, it is requested that the Court advise the defendant that in answering these, or any related queries, he is not to disclose any conversations, or the substance of any meetings he has held with current counsel.

With regard to specific questions to be proposed to be asked of my client, I would ask that the following changes, amendments or strikes be granted or acknowledged by the Court in revising the suggested queries:
  A. Introductory Questions
     d. Mr. al Liby is taking a regimen of drugs for his myriad medical diagnoses. To what extent, if any, these may affect his cognitive abilities, the Court ought to make inquiry. In the absence of expert medical testimony on this issue, it is suggested that he is unable to intelligently answer this question.
     e. The same applies here.
  B. Circumstances of Representation
     g. This makes the assumption that retained counsel has, in fact, been paid, and assumes a fact not in evidence, viz., that Mr. al Liby is privy to whether retained counsel has been paid.
  C. Right to Conflict Free Representation
     a. Not only is this a compound question, but its phraseology is confusing and may not be fully understood by Mr. al Liby. This, as with many of the questions, should be simplified as much as possible. The more complex the questions, the greater the likelihood that the Defendant will either not comprehend what is being asked of him, or may give an answer that does not reflect his true understanding, belief, or wishes.
     b. This question assumes that Mr. al liby spoke with a third party regarding counsel's representation. This has not been established.
     c. Same objection as to C.a. This question has at least three separate parts. It clearly should be simplified for the Defendant.
     d. This question is phrased such that it will unduly influence the party being questioned. It clearly makes it appear that retained counsel is being influenced by some third party payor, when there is no evidence to that effect whatsoever. And, again, it is far too complicated as drafted.
     g. This has four separate parts. Furthermore, the third question may well appear to the Defendant that a conflict of interest issue has been established, when that is not the case.
  D. General
     a. This makes it appear as a conflict of interest has been established.
     b. This question is far too biased in its language. It makes it appear as if the Court has already determined that a conflict exists, and that the legal interests of the Defendant have been jeopardized.

Case 1:98-cr-01023-LAK Document 1657 Filed 07/17/14 Page 9 of 9

Hon. Lewis Kaplan, USDJ, SDNY
Re: United State v. al Liby, 98-cr-1023
17 July 2014 – page nine

  c. This question makes it appear as if the Court believes (i) there is a conflict of interest, and (ii) that the Defendant is "ill advised" to continue with present counsel's representation of him.
  d. This question is plainly wrong. While the accused may be waiving any future appellate or habeas issue regarding attorney conflict of interest conflict, it does not waive any future claim of other issues such as ineffective assistance of counsel.
  g. This question should be changed to ask the Defendant if he does, in fact, wish additional time to think this over, before any of the other questions will have been asked of him.

Counsel would, therefore, respectfully request the following relief from the Court:
  A. That the Court deny the Government's request for a *Curcio* Hearing due to their inexcusable dilatory delay in this request.
  B. If the Court should make a contrary ruling, it is respectfully requested that this Hearing be adjourned until such time as the defendant is physically well enough to appear in this courtroom in the Southern District of New York.
  C. In the event that the Court should rule that Mr. al Liby's physical presence is not required under the Constitution, or the Federal Rules, it is requested that this Hearing be adjourned until such time as Counsel can be physically present, with his client in North Carolina, for the Hearing.
  D. The Court should revise the suggested questions as proposed, or have the parties meet and confer and jointly draw up suggested questions.

Respectfully submitted,

*[signature]*

Bernard V. Kleinman
Attorney for Defendant al Liby

cc: All Counsel of Record via ECF
  Anas al Liby