

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

# DOCKET

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 28, 2014



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/14

**BY HAND**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2240
New York, New York 10007

> Re:   **United States v. Anas al Liby**,
>       98 Cr. 1023 (LAK)

Dear Judge Kaplan:

    The Government writes in response to the Court's request for the Government's position with respect to Anas al Liby's application to seal the two court exhibits created during last week's *Curcio* hearing. The Government respectfully submits that the sealing application should be denied pursuant to the legal standards set for such applications.

    The court exhibits at issue contain the name of the foreign governmental entity that is paying al Liby's attorney fees and the names of the individuals now or formerly at that entity who have served as points of contact for al Liby's lawyer or, to his understanding, decision makers with respect to his employment. These exhibits were created to allow al Liby's lawyer to provide non-public answers to the Court's questions posed during its inquiry into his interests, questions that were posed so the Court could determine whether there was any conflict between al Liby and his lawyer requiring further proceedings.

    These exhibits are, in the Government's view, "judicial documents," that are "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* v. *Pyramid Co. of Onandaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Though these are documents that will be used to determine al Liby's procedural, rather than "substantive," legal rights, *cf. Lugosch*, 435 F.3d at 121 (describing the "strong presumption of access" that attaches to documents used to determine litigants' substantive legal rights), they certainly play a role of some significance "'in the exercise of Article III judicial power.'" *Id.* at 119 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). They already have assisted the Court in reaching the conclusion that further proceedings are necessary to allow the Court to fulfill its duty to ensure that al Liby receives a trial that is fair and consistent with the Sixth Amendment. *See United States* v. *Levy*, 25 F.3d

Hon. Lewis A. Kaplan, U.S.D.J.
July 28, 2014
Page 2

146, 153 (2d Cir. 1994). Accordingly, these documents give rise to a common law presumption of access that is of significant weight. These documents also appear to meet the tests used to determine whether to apply the "'qualified First Amendment right . . . to access certain judicial documents.'" *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). *Curcio* proceedings and the answers to questions posed during those proceedings have generally been open to the press and public, and permitting public access to those proceedings allows the public to monitor the role courts play in ensuring the fairness of criminal trials. *See id.* at 120 ("[t]he so-called 'experience and logic' approach requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question'") (quoting *Hartford Courant Co.*, 380 F.3d at 92, which quoted *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 106 S.Ct. 2735 (1986)). Moreover, these documents were created during a proceeding that was open to the press and public, to answer questions that were asked publicly during that proceeding. *See id.* ("[t]he second approach considers the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings'") (quoting *Hartford Courant Co.*, 380 F.3d at 93) (footnote omitted).

On the other side of the scale, there is little before the Court (and the Government has nothing to add) that suggests there are substantial "'competing considerations,'" or that would allow the Court to make the required "'specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 120 (quoting *Amodeo*, 71 F.3d at 1050 and *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In support of his application, al Liby's counsel has said that the foreign governmental entity paying for his services has asked that its identity not be disclosed. But the identity of a benefactor who is paying a criminal defendant's legal fees is not privileged. *See, e.g., In re Grand Jury Subpoena Served Upon John Doe, Esq.*, 781 F.2d 238, 248 (2d Cir. 1986) ("information that fees were paid . . . by third persons may be sought to determine the identity of a benefactor . . . [a]s a general rule . . . such information is not protected from disclosure by the attorney-client privilege") (*en banc*) (citations and footnote omitted). Moreover, the actions of foreign governments in the United States are not "traditionally considered private rather than public," *Amodeo*, 71 F.3d at 1051, and there is no information before the Court indicating what, if any, injury would be caused by disclosure. *See id.* ("[t]he nature and degree of injury must also be weighed").

Hon. Lewis A. Kaplan, U.S.D.J.
July 28, 2014
Page 3

In these circumstances, the Government respectfully submits, the common law and First Amendment rights of access are not outweighed by "competing considerations" or the need "to preserve higher values." Accordingly, the sealing application should be denied.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By: _____
        Sean S. Buckley
        Adam Fee
        Nicholas Lewin
        Stephen J. Ritchin
        Assistant United States Attorneys
        (212) 637-2261 / 1589 / 2337 / 2503

cc: Bernard V. Kleinman, Esq. (by electronic mail)
    Counsel for defendant Anas al Liby