UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

           -against-                                    S7 and S10  98-cr-1023 (LAK)

KHALID AL FAWWAZ and ANAS AL LIBY,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OPINION**

Appearances:

                   Sean S. Buckley
                   Adam Fee
                   Nicholas J. Lewin
                   Stephen J. Ritchin
                   Assistant United States Attorneys
                   Preet Bharara
                   UNITED STATES ATTORNEY

                   Bobbi C. Sternheim
                   LAW OFFICES OF BOBBI C. STERNHEIM

                   David V. Kirby
                   Barbara E. O'Connor
                   O'CONNOR & KIRBY, PC

                   *Attorneys for Defendant Khalid al Fawwaz*

                   Bernard V. Kleinman
                   LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
                   *Attorney for Defendant Anas al Liby*

LEWIS A. KAPLAN, *District Judge.*

       Defendants Khalid al Fawwaz and Anas al Liby are to be tried shortly for, among

other things, allegedly conspiring to kill Americans abroad by, among other means, bombing the

United States embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania. The government now moves for an anonymous jury and related juror protections.

*Discussion*

District courts have "broad discretion to take such steps as may be necessary and appropriate to permit the jury to concentrate on the trial proceedings and to evaluate the evidence in an atmosphere free from apparent threat or danger, so long as those steps do not violate the defendant's fundamental rights."[1] Anonymous juries are appropriate "[w]hen genuinely called for and when properly used."[2] In its discretion, "a court may order the empaneling of an anonymous jury 'upon (a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected.'"[3] The same standard applies to partially sequestered juries.[4]

---

[1]
> *United States v. Maldonado-Rivera*, 922 F.2d 934, 971 (2d Cir. 1990).

[2]
> *United States v. Kadir*, 718 F.3d 115, 120 (2d Cir. 2013) (quoting *United States v. Pica*, 692 F.3d 79, 88 (2d Cir. 2012)).

[3]
> *Id.* (quoting *Pica*, 692 F.3d at 88); *see also United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991).

[4]
> *See United States v. Gotti*, 459 F.3d 296, 345-46 (2d Cir. 2006) (applying the same standard to the defendant's challenge to the use of an anonymous and partially sequestered jury).

*I.     Strong Reason for Protection*

In determining whether there is a "strong reason" to believe that the jury needs protection, courts should consider several factors, including whether (1) the charges against the defendants are serious, (2) there is a substantial potential threat of corruption to the judicial process, and (3) considerable media coverage of the trial is anticipated.[5]

It would be difficult to overstate the seriousness of the charges in this case. Defendants allegedly conspired with Usama Bin Laden, Ayman al Zawahiri, Abu Hafs al Masri, and others to kill Americans abroad by bombing the United States embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania. These bombings reportedly killed 224 people and injured thousands more. Defendants each are charged with, among other things, conspiracy to kill United States nationals, conspiracy to murder internationally protected persons, and conspiracy to destroy buildings and property of the United States. While the mere invocation of the words "terrorism" or "al Qaeda" are insufficient alone to justify an anonymous jury,[6] the specific charges in this case raise a "reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety."[7]

There is a threat also to the judicial process. The indictment alleges, for example, that a part and object of the conspiracy was to engage in conduct to conceal the conspirators' activities by, among other things, providing false information to the authorities in various countries

---

[5]

       *See, e.g.*, *United States v. Quinones*, 511 F.3d 289, 296 (2d Cir. 2007); *United States v. Tomero*, 486 F. Supp. 2d 320, 322 (S.D.N.Y. 2007).

[6]

       *See United States v. Vario*, 943 F.2d 236, 241 (2d Cir. 1991).

[7]

       *United States v. Stewart*, 590 F.3d 93, 125 (2d Cir. 2009).

and seeking to detect and kill informants.[8]  This suggests a willingness to interfere with the administration of justice.  Moreover, it raises a significant risk that the jurors, absent anonymity, would fear reprisal.[9]

Finally, widespread pretrial publicity weighs in favor of impaneling an anonymous jury.  Extensive media coverage has surrounded each step of the pretrial process, including extradition, apprehension, arraignment, and motion practice.[10]  The proceedings have attracted numerous observers.  Extensive, daily publicity of the trial is expected, "exposing the jurors to [the risk of] inappropriate contacts that could compromise the trial."[11]  Furthermore, the recent escalation of hostilities in Syria and Iraq presages an even greater amount of attention for this trial.[12]  In short, this case has received and likely will continue to receive substantial coverage in the media.

---

[8]
    Indictment [DI 186 (S7), DI 550 (S10)] ¶¶ 11, 19.

[9]
    *See United States v. Barnes*, 604 F.2d 121, 140-41 (2d Cir. 1979) ("If a juror feels that he and his family may be subjected to violence or death at the hands of a defendant or his friends, how can his judgment be as free and impartial as the Constitution requires?").

[10]
    *See* Mot. for Anonymous Jury [DI 1687], at 6 nn.3-7 (collecting publications).

[11]
    *Paccione*, 949 F.2d at 1193.

[12]
    *See, e.g.*, Tim Lister, *Al Qaeda Battles ISIS for Global Jihadist Leadership*, CNN, Sept. 10, 2014, *available at* http://www.cnn.com/2014/09/10/world/meast/isis-vs-al-qaeda/ (last accessed Sept. 29, 2014); Ellen Barry, *Al Qaeda Opens New Branch on Indian Subcontinent*, N.Y. Times, Sept. 4, 2014, *available at* http://www.nytimes.com/2014/09/05/world/asia/al-qaeda-announces-new-branch-on-indian-subcontinent.html (last accessed Sept. 29, 2014).

Anonymous juries have been empaneled in trials involving alleged terrorism related offenses in this district, almost without exception.[13] Defense counsel, however, place great weight on Judge Forrest's opinion denying an anonymous jury in *United States v. Mostafa*.[14] Their reliance is misplaced for two reasons.

*First*, the facts in this case are significantly different from those in *Mostafa* and the differences make a stronger case for anonymity. Mostafa had been tried and convicted of charges without incident in the United Kingdom before a non-anonymous jury.[15] Further, while the charges against Mostafa were serious – hostage taking, conspiracy to provide and conceal material support and resources to terrorists, and providing and concealing such support[16] – he was not charged with the far more serious offenses in this case of conspiring to kill United States nationals and to murder internationally protected persons. Nor were there allegations in Mostafa's indictment of providing false information to authorities or seeking to detect and kill informants.

---

[13]

See, e.g., *United States v. Ghayth*, 98 Cr. 1023 (LAK); *United States v. Ghailani*, 98 Cr. 1023 (LAK), *aff'd*, 733 F.3d 29 (2d Cir. 2013); *United States v. Stewart*, 02 Cr. 395 (JGK), *aff'd*, 590 F.3d 93, 124-25 (2d Cir. 2009); *United States v. Yousef*, 93 Cr. 180 (KTD), *aff'd*, 327 F.3d 56 (2d Cir. 2003); *United States v. Rahman*, 93 Cr. 181 (MBM), *aff'd*, 189 F.3d 88 (2d Cir. 1999); *United States v. Salameh*, 93 Cr. 180 (KTD), *aff'd*, 152 F.3d 88 (2d Cir. 1998); *United States v. Bin Laden*, 98 Cr. 1023 (LBS); *but see United States v. Mostafa*, 04 Cr. 356 (KBF), 2014 WL 963183 (S.D.N.Y. Mar. 12, 2014) (denying government motion for an anonymous jury where the sole defendant previously had been tried without incident in the United Kingdom before a non-anonymous jury).

[14]

04 Cr. 356 (KBF), 2014 WL 963183 (S.D.N.Y. Mar. 12, 2014).

[15]

*Id*. at *1.

[16]

*Id*.

*Second*, it is important to bear in mind that the ultimate "decision whether or not to empanel an anonymous jury is left to the district court's discretion."[17] The Second Circuit repeatedly has said that "[w]hen a district court is vested with discretion as to a certain matter, it is not required by law to make a *particular* decision. Rather, the district court is empowered to make a decision – of *its* choosing – that falls within a range of permissible decisions."[18] Thus, even were this case identical to *Mostafa* in the pertinent respects, and as we have seen it is not, it would be entirely appropriate for this Court to weigh the considerations differently and to reach a different conclusion as to the appropriateness of an anonymous jury.

In this Court's view, the balance of factors in this case weighs strongly in favor of an anonymous jury.[19] The Court therefore exercises its discretion to impanel one.

II.     *Reasonable Precautions*

Where there is a strong reason to believe that it should be employed, "the use of an anonymous jury does not infringe a defendant's constitutional rights, so long as the court conducts

---

17

 *Paccione*, 949 F.2d at 1192.

18

 *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (emphasis in original); *accord Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Zervos*, 252 F.3d at 169); *see also United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001) ("[T]he district court's holding is not an abuse of discretion even though we may have decided differently if we were the trial judge.").

19

 Defendants argue also that anonymity may increase the opportunity for prospective jurors to conceal, misrepresent or lie during *voir dire* to get onto the jury. *See* Fawwaz Opp. [DI 1708], at 8. But isolated incidents where jurors have been accused of dishonesty do not outweigh the necessary protection for jurors in these circumstances.

a careful *voir dire* designed to uncover any bias as to the issues or the defendants and takes care to give the jurors a plausible and non-prejudicial reason for not disclosing their identities."[20]

The Court will take several precautions to protect the defendants' fundamental rights. Each prospective juror will complete a questionnaire, fashioned with the input of counsel, designed to uncover potential bias. Counsel will have ample time to review the completed questionnaires, and the Court will entertain motions to strike potential jurors for cause, based solely on the questionnaire responses. The Court subsequently will conduct oral *voir dire* of prospective jurors who remain, and the parties may request additional examination of the remaining jurors. Moreover, as this Court noted in *United States v. Scala*,[21]

> "[t]he government's request would not limit inquiry into the occupations of the jurors, only information about their specific places of employment. The defense therefore would have access to information about the jurors' occupations for use in determining peremptory challenges. Further, the motion seeks only to preclude the disclosure of jurors' names and 'addresses.' The Court intends to inquire as to the county in which each prospective juror resides. . . . Thus, the defense should have no problem in assessing the possible bias of prospective jurors."[22]

Finally, the Court will present a plausible and neutral explanation for not disclosing the jurors' identities. As in *United States v. Ghailani*,[23] jurors will be informed that selection of an anonymous jury is not unusual, will protect their privacy, and will assure that they are not contacted by the press

---

[20]

*Stewart*, 590 F.3d at 124 (quoting *United States v. Aulicino*, 44 F.3d 1102, 1116 (2d Cir. 1995)).

[21]

405 F. Supp. 2d 450 (S.D.N.Y. 2004).

[22]

*Id.* at 454.

[23]

98 Cr. 1023 (LAK), *aff'd*, 733 F.3d 29 (2d Cir. 2013).

or anyone else who may want to talk about the case. Such an instruction should protect the defendants adequately from prejudice.[24]

### Conclusion

The government's motion for an anonymous jury [DI 1687] is granted in its entirety.

SO ORDERED.

Dated:        September 30, 2014

_____

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[24] See, e.g., *Stewart*, 590 F.3d at 124-25; *United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994); *Paccione*, 949 F.2d at 1193.