# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW
2 WESTCHESTER PARK DRIVE, SUITE 418
WHITE PLAINS, NY 10604
TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 694-1647

October 7, 2014

Hon. Lewis Kaplan
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>Re: United States v. Anas al Liby, S10 98-cr-1023</u>

Your Honor,

    I write to the Court respectfully requesting a continuance of the calendared trial commencement date of November 3rd, 2014.

    There are a number of issues, of paramount importance that need to be addressed, both legal and medical, that necessitate this request.

    As the Court is aware I entered this matter on October 22, 2013. This is less than one full year ago. While it is true that within a relatively brief period of time the Government did turn over to me the vast majority of the unclassified discovery, the amount involved was over 200,000 documents. Significantly, many of these documents were in Arabic, and they required first getting translations before I was able to read and review them. In addition, many were in neither a .pdf or computer word format, but rather provided as digital images. Handling these, and the limited ability to edit and go over them with my client only extended the amount of time required to review this material.

    However, this was not all of the discovery. In fact, on September 26th, 2014 the Government provided to me unclassified documents (subject to the Court's protective order), allegedly seized from Abbottabad, Pakistan in May 2011. (While these have been in the Government's possession for more than three and one-half years, no explanation has been provided as to why they are being provided at this late date.) I was informed by Assistant U.S. Attorney Lewin that "we intend to offer these documents at trial as direct evidence of the existence of the charged conspiracies and your client's [*i.e.*, Mr. al Liby] participation in them or, in the alternative, pursuant to Rule 404(b)." This I was informed of by email on October 2d. These total about 120 pages, are in Arabic, and, as of this date, I've still not received the promised translations. While I did provide them to my retained

Hon. Lewis Kaplan, U.S.D.J., S.D.N.Y.
Re: United States v. Anas al Liby, S10 98-cr-1023 (LAK)
October 7, 2014 — page two

Arabic language expert. She informed me that it would take her at least a week, if not more, to properly translate them.

At the same time, the Government is still providing discovery, that necessitates, of course, review with my client; discovery that will, in all likelihood be introduced at trial. Here I reference AAL-C-000496 through -000500, an alleged al Qaeda membership list. In addition, on October 4th the Government provided more than 500 additional pages of classified materials. At this point in time it is unknown whether this material will be used at trial, if any issues regarding declassification will need to be addressed by the Court, or the relevance of this material to my client.

The Court should also be reminded, that while I have been representing Mr. al Liby since October 2013 (about one year) the other defense attorneys have had much, much longer to prepare. Mr. Patel was assigned by the Court more than two years ago. The same is true of Ms. Sternheim. Similarly, Attorneys Moreno and Kessler (Mr. Bary's counsel) were assigned 18 months and 16 months ago, respectively. With regard to Ms. Sternheim's co-counsel, Ms. O'Connor and Mr. Kirby, were both CJA assigned about 21 months ago. Thus, each of the named defense counsel have had a great deal more time than myself to fully prepare.

In addition, much of my time was further delayed due to (a) my client's transfer to FMC Butner for a period of five months, and (b) unlike Mr. Bary or Fawwaz, my client is barely fluent in English necessitating the use of an interpreter for all meetings (causing additional delays).

All this being said, I do not believe that I will be as fully prepared as I ought to be to commence trial on November 3rd, and provide to my client the representation with which he is entitled to under the Sixth Amendment.

With regard to the issue of my client, I direct the Court to my letter of September 2d, 2014. That letter informed Your Honor as to my client's medical condition. In the letter I directed the Court to the fact that my client had been transferred from FMC Butner and Duke Cancer Center as primary treatment facility to the MCC. At the same time Mr. al Liby had been scheduled to have a surgical procedure done (a bland arterial embolization) designed to hopefully retard the spread of his liver cancer. This procedure was scheduled for Duke Cancer Center the beginning of August. To date it has not been done. It is now two and one-half months later and he is still waiting — with no explanation whatsoever. This, with all due respect, is inexcusable. This surgical procedure, recommended by Dr. White, an oncological surgeon at Duke Cancer Center (and endorsed by all of the other physicians), needs to be done with all deliberate speed. It

Hon. Lewis Kaplan, U.S.D.J., S.D.N.Y.
Re: United States v. Anas al Liby, S10 98-cr-1023 (LAK)
October 7, 2014 — page three

---

is anticipated that with the surgery and the recovery time, it is highly unlikely that my client will be in any state to fully participate in his trial on November 3rd. Nevertheless, I feel that the Court must recognize that my client's health and welfare is of paramount importance and must take precedence over the Court's calendar.

Furthermore, while Mr. al Liby was at FMC Butner he regularly saw one of two oncologists (Dr. Carden or Dr. White). In my recent visit with my client on Monday, October 6th, he informed me that he not seen an oncologist since he arrived back in New York. In addition, he has had neither a CT-Scan nor an MRI which would be useful in determining the spread of the cancer.

What I wish for the Court to understand is that all I ask is for the same treatment and accommodation provided to my client's co-defendants. I ask for no more than that, but also no less.

At the same time, I ask the Court to recognize that with the guilty plea of Mr. Bary, the Government has represented that its case will be as much as one-half the length previously thought. Thus, any continuance ought to have minor impact on the Court's calendar. It is for this reason that I join in Mr. Fawwaz's counsels' argument as laid out in their similar request this date, and respectfully request a 90-day continuance with a trial commencement date of February 2015.

Respectfully submitted,

Bernard V. Kleinman

cc: all Counsel of Record by email & ECF