UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
UNITED STATES OF AMERICA,

        -against-                                       S7 98-cr-1023 (LAK)

KHALID AL FAWWAZ,

        Defendant.
------------------------------------------------ x
UNITED STATES OF AMERICA,

        -against-                                       S10 98-cr-1023 (LAK)

ANAS AL LIBY a/k/a Nasih al Rahjie, a/k/a Anas al Sebai,

        Defendant.
------------------------------------------------ x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/15

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the recent request of *The New York Times* for the unsealing of all court records pertaining to "health issues concerning [defendant] Abu Anas al-Libi," who died on January 2, 2015.[1] Al Liby's former counsel and al Fawwaz's counsel have no objection.[2] Nor does the government, subject to its wish to redact information that "implicates the privacy interests of third parties," a wish to which neither al Fawwaz's counsel nor al Liby's former counsel takes exception.[3]

---

[1] Ltr. from B. Weiser to Court (Jan. 5, 2015) [DI 1859].

[2] Ltr. from B. Kleinman to Court (Jan. 7, 2015) [DI 1861]; Ltr. from B. Sternheim to Court (Jan. 12, 2015) [DI 1862].

[3] Ltr. from S. Ritchin to Court (Jan. 12, 2015) [DI 1863].

Commencing at least as early as February 11, 2014, counsel for al Liby, Bernard V. Kleinman, made certain disclosures to the Court and the government and requested that they be sealed in order to protect his client's privacy interests, a request that the Court granted on a well-established basis for doing so. Over the ensuing months, Mr. Kleinman and the government filed various documents dealing with the same subject matter.

On or about July 14, 2014, Mr. Kleinman reversed position and sought to have previously sealed papers relating to al Liby's condition unsealed. But the reversal of position was not without problems for two reasons. First, an issue had arisen as to whether Mr. Kleinman was in a position to represent al Liby because he had disclosed that his legal fees were being paid by the government of Libya, thus creating a potential conflict between the interests of whomever exactly was paying Mr. Kleinman's fees and those of al Liby. This in turn required a *Curcio* hearing to determine whether al Liby's purported waiver of whatever privacy rights he had in respect of the sealed documents was given with the benefit of the advice of counsel free of any conflict of interest or with the knowing and voluntary waiver by the defendant of the right to such unconflicted legal advice. Accordingly, the Court determined that the records would remain sealed pending the *Curcio* hearing and, in addition, directed al Liby to identify, on or before July 21, 2014, each paper or portion thereof that he wished to have unsealed.[4]

The *Curcio* hearing was scheduled to begin on July 23, 2014, by which time al Liby was at the Bureau of Prisons' Federal Medical Center at Butner, North Carolina. Although the Court was prepared to proceed with the *Curcio* hearing via a video conference arrangement whereby al Liby would be able to see, hear and interact with those in the courtroom, Mr. Kleinman objected.[5] Accordingly, while the Court examined Mr. Kleinman concerning the payment of his fees by someone other than his client and concluded that there was a potential conflict, it deferred the *Curcio* hearing until al Liby returned to New York.[6]

The *Curcio* hearing took place on August 14, 2014[7] and September 3, 2014.[8] At its conclusion, the Court held that al Liby was competent and that he had made a knowing and voluntary waiver of his right to representation by unconflicted counsel.[9] It indicated further its disposition to unseal the records that al Liby had requested be unsealed. But it stated that it would

---

[4] Mem. and Order (July 16, 2014) [DI 1654], at 2-3 & n.1.

[5] Tr., July 23, 2014 [DI 1679], at 7:2-8:20.

[6] *Id.* at 14:5-20:22.

[7] Tr., Aug. 14, 2014 [DI 1854].

[8] Tr., Sept. 3, 2014 [DI 1856].

[9] *Id.* at 12:23-13:17.

not do so immediately because no one had provided the Court with a list of what was to be unsealed and directed the parties to attempt to reach agreement on what was to be unsealed and the redactions to be made.[10] In fact, however, the parties never did that. And while additional papers were filed under seal after September 3, 2014, that is where matters stood when al Liby passed away. It is where they stand today.

In order to move forward, Mr. Kleinman, on or before February 4, 2015, shall serve the government with (and provide to the Court) (1) a list of sealed documents that he contends his client on September 3, 2014 consented to having unsealed and (2) a separate list of any subsequent sealed documents to which he contends al Liby's consent extended. On or before February 18, 2015, the government shall serve Mr. Kleinman with (and provide to the Court) (1) copies of sealed documents on both lists served by Mr. Kleinman redacted as proposed by the government, and (2) any response to any contention by Mr. Kleinman that al Liby's consent extended beyond September 3, 2014.

SO ORDERED.

Dated: January 15, 2015

_____
Lewis A. Kaplan
United States District Judge

---

[10] *Id.* at 26:3-14.